Aaron SCHEIB, Plaintiff–Appellant,

v.

**GRAND RAPIDS SHERIFF'S DEPARTMENT, et al.,**
Defendants–Appellees.

No. 01–1222.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Aaron Scheib, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Scheib is presently incarcerated at the Kinross Correctional Facility, though his complaint concerns events that occurred in Grand Rapids, Michigan. In his complaint, Scheib sues the Grand Rapids Sheriff's Department and Kent County Sheriff's Department employees: Officers Veenstra, Kraczon, Wetzel, and Miller; Sergeant Postma; and Detective Leslie Smith. Scheib alleges that on February 21, 1999, he was standing near a residence where a home invasion had been reported to be in progress. Officer Wetzel saw Scheib and ordered him to stop. Scheib fled. Scheib was eventually arrested and taken to the Grand Rapids Sheriff's Department. He was interrogated by police officers, even though he stated that he wanted to consult an attorney and did not want to make any statements. Scheib alleges that after five hours, he was forced to waive his rights. Scheib alleges that there are fabricated police records and misconstrued statements that influenced the charges against him for home invasion. Though Scheib does not state the reason for his present incarceration, it appears

that his confinement is the result of being convicted on the home invasion charges.

Scheib appears to claim that the interrogation violated his Fifth and Sixth Amendment rights to have his attorney present, and that the fabrication of records violated his substantive due process rights. He seeks declaratory and monetary relief, and sues the defendants in their individual and official capacities. The district court dismissed the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c), for failure to state a claim upon which relief may be granted. This timely appeal followed.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Scheib's complaint for failure to state a claim upon which relief may be granted based upon the reasoning espoused in *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Claims which challenge the validity of a state conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87, 114 S.Ct.

2364; *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995).

Although his claims regarding involuntary confession and fabricated police reports are vaguely made, they are the types of claims that are raised during trial to exclude evidence, and thus, would obviously affect the validity of Scheib's conviction. Further, Scheib alleges no injuries except that he is "confined of his liberty." Since Scheib's loss of liberty seems to be his only claim of injury, and the loss of liberty is a result of his conviction and sentence, Scheib's § 1983 action is not cognizable until he can show that his conviction has been invalidated. *Heck*, 512 U.S. at 489–90, 114 S.Ct. 2364. Consequently, Scheib fails to state a claim upon which relief may be granted.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.